## SYLVESTER EVANS ET AL. *v.* T. M. HURLBURT, SHERIFF.

(243 Pac. 553.)

Constitutional Law—Legislature may Delegate to District Boundary Board Power to Establish, Change or Abolish Districts (Const., Art. VIII, § 3).

1. Under Constitution, Article VIII, Section 3, giving legislature power to provide common school system, it may delegate to district boundary board authority to establish, change boundaries of or abolish districts.

School and School Districts—District Boundary Board may Annex Entire District to Another (Section 5147, Or. L.), as Amended by Gen. Laws 1921, p. 503).

2. Under Section 5147, Or. L., as amended by General Laws of 1921, page 503, providing that district boundary board may "annex a district or parts of a district to one or more adjoining districts," it may annex an entire district to another.

Schools and School Districts—District Boundary Board may Consolidate Without Approval of People (Section 5153, Or. L., as Amended by Gen. Laws 1921, p. 30; Section 5147, Or. L., as Amended by Gen. Laws 1921, p. 503)—"Annexing"—"Consolidating."

3. Section 5153, Or. L., as amended by General Laws of 1921, page 30, providing district boundary board may consolidate school districts on a favorable vote by each, does not exclude annexation

by board on petition of three voters, as provided in Section 5147
as amended by General Laws of 1921, page 503; "consolidating"
and "annexing" meaning the same.

Constitutional Law, 12 C. J., p. 887, n. 38, p. 890, n. 41, 42.
Schools and School Districts, 35 Cyc., p. 833, n. 88, p. 834, n. 91,
92, p. 839, n. 16.

From Multnomah: ROBERT TUCKER, Judge.

Department 2.

'AFFIRMED.

For appellants there was a brief and oral argument by *Mr. Oliver M. Hickey.*

For respondent there was a brief over the name of *Mr. Stanley Myers,* District Attorney, with an oral argument by *Mr. S. H. Pierce,* Deputy District Attorney.

BELT, J.—This is a suit to enjoin the collection of a special tax levied and assessed upon the real property of appellants in School District 39, Multnomah County, and to have the same declared void. The district boundary board of Multnomah County, on April 9, 1923, pursuant to Chapter 266 of the General Laws of Oregon for 1921, annexed school districts 43 and 48 to district 39. Prior to such date, the property of appellants was in districts 43 and 48. Appellants contend that the district boundary board acted without legal authority, and that their property, to all intents and purposes, is still within the boundaries of districts 43 and 48. The authority of the board so to act is challenged, but not the manner in which it was exercised. We are not concerned, therefore, with the regularity of the proceedings, but solely with the question whether such annexation is authorized by statute; and, if this be answered in the affirmative, plaintiff's cause of suit fails.

Section 5147, Or. L., as amended by Chapter 266 of the General ·Laws of 1921, provides, so far as material to a consideration of this cause:

"The district boundary board may establish new districts on petition of three legal voters of said proposed new district, and may, at its discretion, upon petition of three or more legal voters interested, *change, divide, or abolish the districts* of its county. * * Before any new district shall be established, or change shall be made in the boundaries of any existing district, the superintendent shall cause to be posted in three public and conspicuous places in such proposed district, or in each of the existing districts, at least ten days before action is taken as herein provided, written or printed notices of the boundaries of the proposed new district, or the changes to be made in the boundaries of any existing district, and of the session of the board when the same will be done. * * When changes are made in the district boundaries, as heretofore set forth, or when any district shall be divided into two or more parts for school purposes, the existing board of directors shall continue to act for both, or all the new districts or parts of districts, until such districts or parts of districts shall have been regularly organized, by the election of directors and clerks, as provided by law. The district boundary board may, when petitioned to do so, *annex a district or parts of a district to one or more adjoining districts so that the district so annexed or divided will be abolished.* The property belonging to a district so abolished shall be apportioned among the districts to which said district is annexed in proportion to the last assessed valuation of the parts of the district so annexed."

1. Unquestionably, the legislature is vested with power to "provide by law for the establishment of a uniform and general system of common schools" (Section 3, Article VIII, of the Constitution of

Oregon), and in order to accomplish such purpose, it may delegate to the district boundary board authority to establish, change the boundaries of, or abolish school districts. We come then to the question: To what extent did the legislature delegate such power?

2. Counsel for appellants concedes that by virtue of the above act, the boundary board could "take a district, sunder it, and distribute the parts." In other words, that it would be legal for the board to divide district 43 or 48, annex one part to district 39, and join the remainder to some other district; but that district 39 could not annex an entire district. We do not so construe the act. It plainly provides that "the district boundary board may * * annex a *district or parts of a district* to one or more adjoining districts." There is no reason to indulge in rules of interpretation. It remains only to follow the language of the statute.

3. But our attention is directed to Section 5153, as amended by Chapter 18 of the General Laws of 1921, providing for the consolidation of two or more contiguous school districts when the same is approved by vote of the people in the districts affected. It is contended that this act controls in the instant case. We are unable to agree with this contention. It is true that the district boundary board, under the provisions of the above act, could have submitted the matter of consolidating these districts to a vote of the people, but the method therein provided is not exclusive. There are two methods prescribed by statute whereby a district or districts may be annexed, united or joined to another district. It is urged there is a well-defined distinction between *consolidating* districts and *annexing* school

districts, but we fail to follow counsel in that respect. The result is substantially the same under the statute, whether it be said that districts 43 and 48 were annexed to district 39 or were consolidated with such district.

Whether the legislature has vested too much power in the district boundary board, and that it is able to defeat the will of the people, is a question for statesmen, not jurists.

We are convinced that the boundary board was authorized under the statute so to act and that the tax levied upon the property of appellants is valid.

It follows that the decree of the trial court dismissing this suit is affirmed. Defendant is allowed costs and disbursements herein.    Affirmed.

McBride, C. J., and Bean and Brown, JJ., concur.