DETROIT EDISON COMPANY *v.* EAST CHINA
TOWNSHIP SCHOOL DISTRICT NO. 3.

1. Schools and School Districts—Registration Districts—Officers—Election.

Whether or not presently incumbent school board was legally constituted because of alleged insufficiency of resolution adopted by previously incumbent board purporting to adopt the provisions of the registration district act in that present board had not been elected at annual meetings rather than at annual elections is not discussed, where the affairs of the district since the adoption of the resolution have been conducted by persons claiming to occupy the office of school board members and have performed such duties as *de facto* officers, if not *de jure* officers (CLS 1956, § 340.531 *et seq.*).

2. Officers—De Facto Officers—Collateral Attack.

The validity of the actions of *de facto* officers cannot be questioned in collateral attacks upon their right to hold the office they claim.

3. Schools and School Districts—Annexation—Taxation—Approval by Superintendent of Public Instruction.

Action of fourth class school district board with large tax base in annexing 2 adjoining city school districts and thereby nearly trebling the tax rate for the annexing district although substantially halving the rate for the annexed districts, which action was approved by the superintendent of public instruction

---

References for Points in Headnotes

[1] 47 Am Jur, Schools § 36.
[2] 43 Am Jur, Public Officers §§ 493, 495, 496.
[3] 47 Am Jur, Schools §§ 18, 19.
Discretion of administrative officers as to changing boundaries of school district. 65 ALR 1523, 135 ALR 1096.
[4, 7] 50 Am Jur, Statutes § 230.
[5, 6] 47 Am Jur, Schools § 18.
[8] 47 Am Jur, Schools § 20.
[9] 14 Am Jur, Costs § 91.

*held,* under record presented not unreasonable, arbitrary or oppressive, under the stipulated facts, where such superintendent has the obligation and authority to determine the wisdom of, and need for, such action being a matter peculiarly within his competence and not that of the Supreme Court (CLS 1956, § 340.431 *et seq.,* as amended).

4. SAME—ANNEXATION—CONSOLIDATION—STATUTES.

The Supreme Court may not impose restrictions upon the applicability of statutory provisions relative to the annexation or consolidation of school districts that are not included in statutory provisions (CLS 1956, § 340.401 *et seq.,* as amended; § 340.431 *et seq.,* as amended).

5. SAME—ANNEXATION—SIZE—POPULATION—STATUTES.

Annexation provisions of school code apply to school districts irrespective of size or population of either the annexing district or the annexed districts insofar as primary and third and fourth class school districts are concerned (CLS 1956, § 340.431 *et seq.,* as amended).

6. SAME—CONSOLIDATION—ANNEXATION—STATUTES.

The method of combining school districts through procedure for consolidation affords the electors of the annexing district a controlling voice in the matter, but the consolidation method is not exclusive, the annexation procedure whereby the school board of the annexing district functions for such district also being a permissible method of effecting the combination (CLS 1956, § 340.401 *et seq.,* as amended; § 340.431 *et seq.,* as amended).

7. SAME—ANNEXATION—LIMITATIONS.

Limitations upon the use of annexation procedures for school districts must be imposed by legislators, not jurists (CLS 1956, § 340.431 *et seq.,* as amended).

8. SAME—ANNEXATION—RECALL—ELECTION.

The recall election of certain members of the school board was properly not limited to the electors residing in the annexing district, where the annexation election in the annexed district was valid and had been completed before the recall election was held (CLS 1956, § 340.431, as amended by PA 1957, No 9).

9. COSTS—PUBLIC QUESTION—ANNEXATION OF SCHOOL DISTRICTS— RECALL ELECTION.

No costs are allowed in consolidated quo warranto actions and chancery suits to determine validity of annexations to fourth

class school district of 2 adjoining city school districts and recall elections thereafter *held*, a public question being involved (CLS 1956, § 340.401 *et seq.*, as amended; § 340.431 *et seq.*, as amended).

Appeal from St. Clair; Kane (Edward T.), J. Submitted January 10, 1962. (Docket Nos. 57–61, Calendar Nos. 49,485, 49,498–49,501.) Decided May 18, 1962.

Bill by the Detroit Edison Company, a public utility property owner and taxpayer, against East China Township School District No. 3 and Marine City Community Schools District No. 7, with School District of the City of St. Clair subsequently added, to enjoin annexations of the larger school districts by the East China school district.

Similar actions by property owners and taxpayers, Walter F. Gauthier, Jr., and others, Elliott E. Folkerts, and others, Edwin Francis, and others, and Lowell Stager, the latter two seeking relief also in quo warranto proceedings. Cases heard and tried simultaneously. Bills and petitions dismissed. Plaintiffs appeal. Cases consolidated on appeal. Affirmed.

*Fischer, Sprague, Franklin & Ford* (*George H. Meyer*, of counsel), for plaintiff Detroit Edison Company.

*Marshall Barrymore*, for plaintiffs Gauthier and others.

*Walsh, O'Sullivan, Stommel & Sharp* (*Miller, Canfield, Paddock & Stone*, of counsel), for defendant East China School District.

SOURIS, J. The principal question presented in this appeal is whether certain actions taken by the

school districts of Marine City, East China township and city of St. Clair were consolidation proceedings or annexation proceedings within the meaning of the school code of 1955.[1]   At a higher level of abstraction, the principal question can be stated as follows: Can school districts be joined by following the statutory requirements for annexation[2] which require only the affirmative action of the annexing district's school board and the favorable vote of the electorate of the annexed district, rather than by following the statutory procedure for consolidation[3] which requires the favorable vote of electors residing in each district affected by the consolidation?

There is a substantially higher tax base in East China township than in Marine City and the city of St. Clair.   This circumstance, favorable to East China, is attributed to construction beginning in 1948 and ending in 1953 of The Detroit Edison Company's plant in East China.   Although East China is the smallest of the 3 districts in area, number of electors, and school census, it had the highest equalized valuation of the 3 and the lowest tax rate. Prior to the action challenged in these lawsuits, the school millage rate in East China was 2.3, in Marine City, 14.85, and in St. Clair, 13.5.   After the annexation, the school millage rate within the combined school district was established at 7.

The St. Clair school district abutted that of East China at the latter's northern boundary, while the Marine City district abutted East China on the south and west.   The East China school district was a

[1] PA 1955, No 269, as amended (CLS 1956, § 340.1 et seq., as amended [Stat Ann 1959 Rev and Stat Ann 1961 Cum Supp § 15.3001 et seq.]).

[2] Chap 4, part 2 of the school code (CLS 1956, § 340.431 et seq., as amended [Stat Ann 1959 Rev and Stat Ann 1961 Cum Supp § 15-.3431 et seq.]).

[3] Chap 3, part 2 of the school code (CLS 1956, § 340.401 et seq., as amended [Stat Ann 1959 Rev and Stat Ann 1961 Cum Supp § 15-.3401 et seq.]).

fourth class district, and for several years preceding its school board's action here challenged, resolutions had been adopted at its annual meetings, the purposes of which were to proscribe the board's authority to annex, consolidate, or transfer property, to or with other districts without a vote of the electors of East China.

In 1956 the members of the East China school board adopted a resolution, the legal sufficiency of which was 1 of the grounds for challenge in this proceeding, to establish the school district as a so-called registration school district pursuant to the provisions of chapter 8, part 2, of the school code of 1955 (CLS 1956, § 340.531 *et seq.* [Stat Ann 1959 Rev § 15.3531 *et seq.*]). Pursuant to that resolution, members of the East China board were thereafter elected at annual elections, rather than at annual meetings of the district's electors, although it appears that the annual meetings continued thereafter to be held for the transaction of other business.

In November of 1960 the Marine City school board requested the East China board to annex its entire territory pursuant to the cited annexation provisions of the school code. Notwithstanding apparent opposition from a substantial number of the electors in the East China school district, the majority of the board members, at a special meeting, resolved to approve the annexation of the Marine City school district. In January of 1961 a majority of the electors in Marine City voted in favor of the annexation of their territory to the East China district at a special election held for that purpose.

In the meantime, in December of 1960, the board of education of the St. Clair school district likewise requested that their district be annexed to East China and on January 23, 1961, by majority vote, the board of the East China school district approved the annexation of the St. Clair district. Later, the

electors of the St. Clair school district also voted in favor of annexation.

Subject to the affirmative vote of the qualified school electors in both of the districts to be annexed, the annexations to the East China school district were approved by the State superintendent of public instruction, pursuant to the requirements of CLS 1956, § 340.431, as amended by PA 1957, No 9 (Stat Ann 1959 Rev § 15.3431).

Five separate suits attacking the validity of the 2 annexation proceedings were instituted by residents from each of the school districts involved and by the Detroit Edison Company.

The 5 suits were consolidated by the chancellor and submitted to him for decision on the basis of a stipulation of facts, supported by many exhibits, and briefs of counsel. The chancellor concluded that the annexations were validly accomplished and dismissed the bills of complaint. Appeal to this Court followed, the 5 suits being again consolidated for purposes of appeal.

The plaintiffs claim that the East China school board was illegally constituted because of defects in the 1956 resolution purporting to adopt the provisions of the registration district act and that, consequently, the annexation actions taken by that board were invalid in view of the manifest disapproval thereof by the district's electors. They also argue that even if the members of the board were acting as *de facto* officers of the school district, their actions were unreasonable, arbitrary, and oppressive and, therefore, invalid. Finally, appellants challenge the validity of the proceedings resulting in annexation on the ground that such proceedings should have been taken under the consolidation provisions of the school code which would have required a favorable vote of the qualified electors of the East

China school district as well as of the other 2 school districts involved.

It appears that subsequent to the Marine City annexation election, an election was held for the recall of certain of the members of the East China school board who voted in favor of the annexations. In this recall election all of the electors of the former school district of Marine City as well as the electors of East China were permitted to vote,[4] with the result that the recall failed of accomplishment. Also involved in this appeal is the propriety of permitting Marine City district's electors to vote in the recall election.

Plaintiffs' claim that the East China school board was not lawfully constituted is based upon the alleged insufficiency of the 1956 resolution adopted by the then incumbent board and upon the provisions of subsequently enacted section 55a of the school code (CLS 1956, § 340.55a, added by PA 1956, No 215, and amended by PA 1957, No 88 [Stat Ann 1959 Rev § 15.3055(1)]). Plaintiffs claim that section 55a required board members of fourth class school districts, such as the East China school district, to be elected at annual meetings rather than at annual elections in the absence of a board resolution to the contrary and notwithstanding even a valid prior adoption by the school board of the act's registration district provisions. We are not persuaded by the novel argument made by appellants in support of this claim and, under the circumstances presented by the record before us, it is not necessary to discuss this claim further.

Even if we were to assume that the benefits of the school code's registration district provisions were not validly invoked by the East China board in

---

4 Recall proceedings were instituted prior to the annexation of the St Clair school district and, consequently, none of the electors from St. Clair was permitted to vote.

1956 and even if we assume, further, that by section 55a of the code or otherwise East China school board members should have continued to have been elected at annual meetings, the affairs of the district have been conducted since 1956 by persons claiming lawfully to occupy the offices of school board members and appellants concede that such persons have performed such duties as *de facto* officers if not *de jure* officers. Under such circumstances, it has long been the rule in this State as well as in other jurisdictions, that the validity of the actions of *de facto* officers cannot be questioned in collateral attacks upon their right to hold the offices they claim. See *Auditor General* v. *Supervisors of Menominee County,* 89 Mich 552, 571, and *Connine* v. *Smith,* 190 Mich 631, 637. If the actions taken in connection with the annexations here attacked are to be declared invalid, their invalidity must rest on some basis other than the bare claim that the members of the school board were no more than *de facto* members thereof.

Plaintiffs proceed to attack the validity of the board members' actions on the grounds that they were unreasonable, arbitrary, oppressive, and, therefore, void. In support of this contention, The Detroit Edison Company's brief, particularly, claims that the board's actions were taken in secrecy and haste, without any claim of legitimate reason therefor, in direct disregard of the expressed wishes of a substantial majority of the electors of the school district, with the results that the district's financial resources have been devoted to the education of nonresidents of the district and that the current school budget for the enlarged district is so substantially greater than the combined budgets for the 3 former districts that what is transpiring in the combined district can be characterized properly as a calculated "spending spree." The chancellor was not impressed with the charges made on the

basis of the stipulated facts before him, nor are we. We note in passing that the annexations were approved by the superintendent of the State's department of public instruction in whom is reposed by the school code the obligation and authority to determine the wisdom of, and need for, such action. Such matters are peculiarly within his competence, and not ours. We cannot find from the facts stipulated that the board's actions were unreasonable, arbitrary or oppressive, and therefore invalid.

Plaintiffs' principal contention is the alleged inapplicability of the statutory annexation procedures. It is not their claim that those procedures were faulty in their execution; plaintiffs concede defendants' technical compliance with them. It is their claim, instead, that what was practically effected was a consolidation of 3 separate school districts, not annexation of 2 districts by 1, and that the consolidation procedures of the school code should have been followed rather than those for annexation. Had the defendants followed the consolidation procedures, they would have been required to submit the proposals to the electorate of East China school district as well as to the electorate of the other 2 districts, a result which legally was avoided by following the procedures for annexation.

Plaintiffs' argument is not based upon prior decisions of this Court, for there are none even inferentially supporting their claim; nor is it based upon statutory language expressly dispositive of the issue. Plaintiffs infer from the statutory language a legislative intent that the consolidation sections be used in situations where districts substantially equal in size and population are sought to be united and that the annexation sections be used in situations where a large district desires to "absorb" a smaller district. Thus, say plaintiffs, it is appropriate to require a favorable vote of the electorate in each of

substantially equal districts to be consolidated but unnecessary to require any more than school board approval of a large annexing district, provided the electorate of the small annexed district is afforded a controlling voice in the proceedings. Defendants respond to all of this by reference to the statutory language which allows consolidation of districts in which the total number of school children between the ages of 5 and 20 may be as few as 75 and which allows annexation of districts without any size, population or other limitation whatever.

Plaintiffs further support their contention by careful analysis of the procedural requirements of the consolidation and annexation sections to demonstrate the peculiar applicability of the former to the factual situation before us. Persuasive as plaintiffs' analysis is, the fact remains that the legislature has provided 2 methods for combining primary, third and fourth class school districts without effectively proscribing the use of either method in circumstances such as are disclosed by this record. The legislature has not done so and neither may we.

Plaintiffs rely upon *England* v. *Eckley,* 322 SW2d 146, and *State, ex rel. Consolidated School District* v. *Ingram,* 2 SW2d 113. Both cases were decisions by the St. Louis court of appeals. *England* v. *Eckley* was reversed in December of 1959 by the supreme court of Missouri, the opinion of which appears at 330 SW2d 738. The reversal is based upon the same reasoning upon which our conclusion in this case is based. From the opinions cited to us by plaintiffs it appears that the court of appeals struck down what it termed annexations or consolidations of school districts by use of statutory procedures for changing or altering school district boundary lines. In both cases the court of appeals said that the statutes invoked clearly were inapplicable to the results attempted to be achieved. The supreme court of Missouri reversed the case of *England* v. *Eckley,*

however, expressly because it could not find in the statute dealing with changes or alterations of boundary lines the limitations placed upon it by the court of appeals and concluded (p 744) that it could not write such limitations into the statute. Similarly, we cannot conclude, as plaintiffs would have us do, that the annexation provisions of our school code are inapplicable to the facts of this case because of limitations upon the use thereof which do not appear in statutory language and which we cannot discern from the language actually used.

It is true that had the combinations of school districts been accomplished by consolidation procedures, rather than by annexation, the electors of East China would have had a controlling voice in the matter, but the method provided for consolidation is not exclusive. Limitations upon the use of annexation procedures authorized by statute must be imposed by legislators, not jurists. See *Evans v. Hurlburt,* 117 Or 274 (243 P 553), cited to us by defendants, for a similar conclusion in a remarkably similar case.

Having concluded that the annexations here involved were valid, it follows that the election for recall of certain members of the East China school board properly was not limited only to East China electors. Section 431 of the school code (CLS 1956, § 340.431, as amended by PA 1957, No 9 [Stat Ann 1959 Rev § 15.3431]) provides that the effective date of the annexation shall be the date of the annexation election and, consequently, the Marine City annexation having been completed prior to the recall election, its electors were entitled to participate therein.

Affirmed. No costs, a public question being involved.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred.