DETROIT EDISON COMPANY v. EAST CHINA TOWNSHIP SCHOOL DISTRICT NO. 3

1. SCHOOLS AND SCHOOL DISTRICTS — ANNEXATION OF DISTRICTS — EQUAL PROTECTION OF THE LAW — RES JUDICATA.
   Plaintiffs' contention that an annexation by their school district of certain other school districts with less tax base and higher debts deprived them of equal protection of the laws *held*, made too late, where it has already been decided judicially that the annexations were properly completed, and plaintiffs' argument should have been made, if at all, in that earlier litigation.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Schools § 22.
[2, 7, 9] 47 Am Jur, Schools §§ 21, 22.
[3] 50 Am Jur, Statutes §§ 170, 171, 195; 51 Am Jur, Taxation § 994.
[4] 51 Am Jur, Taxation §§ 150, 152, 153.
[5] 50 Am Jur, Statutes §§ 357, 358, 363.
[6] 47 Am Jur, Schools §§ 21, 22; 50 Am Jur, Statutes §§ 159, 160, 192.
[8] 16 Am Jur 2d, Conspiracy § 1.

2. SAME—ANNEXATION OF DISTRICTS—ASSUMPTION OF OBLIGATIONS—
ELECTION.

> Election in which voters in defendant school district approved
> assumption by the district of certain bonded indebtedness of
> two former school districts that had been annexed by defend-
> ant district *held*, valid under statute providing that after three
> years from the effective date of annexation the outstanding
> indebtedness of districts which were annexed to form the
> combined district may be assumed by the combined district on
> approval of a majority of the electors of the combined district,
> with payment being made from a debt retirement tax levy
> imposed uniformly on the entire district (CLS 1961, § 340-
> .438).

3. CONSTITUTIONAL LAW—TAXATION.

> The presumption of constitutionality following taxing statutes is
> stronger than that applied to statutes generally, and a taxing
> statute will only be held invalid where it clearly and palpably
> violates the fundamental law.

4. SAME—TAXATION—UNEQUAL OPERATION.

> Courts cannot annul tax statutes solely because of their operating
> unequally and unjustly in some instances, for if they could,
> they might defeat all taxation whatsoever.

5. SAME—VAGUENESS—TAXATION.

> Plaintiffs' contention that certain sections of the school code are
> unconstitutional because of vagueness *held* without merit where
> the uncertainty disappears when those sections are read in
> conjunction with other parts of the code (CLS 1961, § 340-
> .431 *et seq.*, as amended).

6. SAME—SCHOOL CODE—OBJECTS OF STATUTE—TITLE OF STATUTE.

> Contention by plaintiffs that a school code provision allowing as-
> sumption by one district of the bonded indebtedness of another
> district violates constitutional provisions requiring that each
> statute embrace only one object which shall be stated in its
> title *held*, without merit, where the title of the act stated that
> its object was to provide a system of public instruction and
> primary schools; to provide for the classification, organization
> regulation, and maintenance of schools and school districts; to
> prescribe their rights, powers, duties and privileges; to provide
> for registration of school districts, and to prescribe powers
> and duties with respect thereto; to provide for and prescribe
> the powers and duties of certain boards and officials; to pre-

scribe penalties; and to repeal certain acts and parts of acts (Const 1908, art 5, § 21; CLS 1961, § 340.1 *et seq.*, as amended).

7. SCHOOLS AND SCHOOL DISTRICTS — ANNEXATION OF DISTRICTS — COMBINED DEBT ELECTION — EQUAL PROTECTION OF THE LAWS.

School districts comprising a combined school district after an annexation where there was no vote on debt assumption *held* not to retain their individual character in a debt assumption election carried out pursuant to statute after three years from the effective date of the annexation, where levy of a uniform tax for retirement of the debt will not result in exceeding the constitutional tax limit; hence voters in one of the districts, which had a small bonded debt before annexation, are not deprived of equal protection of the laws by having their votes aggregated with votes of two other districts in which the bonded debt was much larger before annexation, where the tax after assumption of the debts will not exceed the constitutional tax limit (Const 1963, art 2, § 6; MCLA § 340-.438).

8. CONSPIRACY—DEFINITION.

Conspiracy is a combination of two or more persons by some concerted action to accomplish criminal or unlawful purposes or purposes not unlawful by criminal or unlawful means.

9. SCHOOLS AND SCHOOL DISTRICTS — ANNEXATION OF DISTRICTS — ASSUMPTION OF DEBTS — ELECTION.

Statute declaring that the same question or measure involving consolidation of school districts, annexation of entire districts, annexation or transfer of a portion of one school district to another, or bonding of school districts, shall not be submitted to the voters of any school district more often than once in six months does not apply to debt assumption elections (MCLA § 340.511).

Appeal from St. Clair, Streeter (Halford I.), J. Submitted Division 2 December 6, 1968, at Lansing. (Docket No. 5,211.) Decided January 31, 1969. Rehearing denied March 21, 1969. Leave to appeal denied November 12, 1969. See 382 Mich 794.

Complaint by the Detroit Edison Company, a foreign corporation, and Ralph Wertz and Herbert

Knack against East China Township School District No. 3 for declaratory judgment that certain school district annexations are invalid and for other relief. Judgment for defendant. Plaintiffs appeal. Affirmed.

*Fischer, Sprague, Franklin & Ford (Prentiss M. Brown,* of counsel), for plaintiffs.

*Miller, Canfield, Paddock & Stone (John H. Nunneley* and *Gilbert E. Gove,* of counsel) and *Walsh, O'Sullivan, Stommel & Sharp (Kenneth J. Stommel* and *Norman D. Beauchamp,* of counsel), for defendant.

QUINN, J.   December 4, 1967, plaintiffs filed complaint for declaratory relief with respect to rights and obligations arising out of a series of elections in certain school districts of St. Clair county. Defendant filed a motion for accelerated judgment and summary judgment under GCR 1963, 116 and 117. The trial court ordered dismissal of the action and plaintiffs appeal.

Prior to November 28, 1960, East China School District No. 3 was a small district of 12 square miles containing 900 electors and 436 school children, subject to a small bonded debt. On the south, East China was bounded by Marine City Community School District No. 7 comprising 51 square miles with 3,800 electors, 2,380 school children and a substantial debt. City of St. Clair School District comprised 27 square miles with 4,538 electors, 1,725 school children and a substantial debt; St. Clair bordered East China on the north.

Pursuant to CLS 1961, § 340.431 (Stat Ann 1959 Rev § 15.3431) and between November 28, 1960 and February 27, 1961, the following events occurred:

a. Board of education of Marine City district proposed that its district be annexed by East China.

b. Board of education of St. Clair district proposed that its district be annexed by East China.

c. Board of education of East China district voted to accept said annexations.

d. State Superintendent of Public Instruction approved the annexations.

e. The electors of Marine City district voted in favor of the annexation.

f. The electors of St. Clair district voted in favor of annexation.

Statutorily and by judicial decision, *Detroit Edison Company* v. *East China Township School District No. 3* (1962), 366 Mich 638, the occurrence of the foregoing events accomplished a union of the 3 districts into one, the present defendant. Plaintiffs are foreclosed from attacking that union in the present proceedings. Their present contention that they were denied equal protection of the law in the annexation proceeding comes too late. If their position in this regard is valid, a point we need not decide, it should have been raised in the prior litigation.

Sometime prior to the elections hereinafter discussed, former East China School District No. 3 paid all of its outstanding bonded indebtedness with its own funds. In June 1963, the electors of defendant voted on proposals to assume certain debts of the former Marine City and St. Clair districts, and for an increase in the constitutional tax limitation (Const 1908, art 10, § 21). Each proposal was defeated.

June 8, 1964, the electors of defendant voted on proposals to assume all debts of the former Marine City and St. Clair districts and on a proposal to

increase the constitutional tax limitation (Const 1963, art 9, § 6). The debt assumption proposals carried but the tax limitation increase proposal lost.

July 31, 1964, the election attacked in these proceedings was held. The electors of defendant voted on whether or not defendant should assume outstanding bonded indebtedness of former Marine City district dated September 1, 1959, in the principal amount of $1,455,000, and outstanding bonded indebtedness of St. Clair district dated November 1, 1960, in the principal amount of $1,320,000. The proposition passed, although in former East China School District No. 3 it was defeated.

In their complaint, plaintiffs attack the validity of the debt assumption election on many grounds. The provisions of CLS 1961, § 340.438 (Stat Ann 1968 Rev § 15.3438) govern the election. In pertinent part, the statute provides:

"Any time after 3 years from the effective date of the annexation, where any one or more of the districts forming the combined district have outstanding bonded indebtedness incurred after December 8, 1932, the combined district may assume the obligation of such bonded indebtedness and pay the same by spreading a debt retirement tax levy uniformly over the territory of the combined district, whenever the electors of the combined district shall approve * * * the assumption of such bonded indebtedness."

That part of the statute deleted relates to increasing the constitutional debt limitation to service the debt assumed and has no application to a situation where, as here, the debt assumed can be serviced within the constitutional limitation. We find from the record and hold that the statutory requirements were met in this election and that statutorily, the election is valid.

Plaintiffs attack the constitutionality of the statute under which the election was held and 1 other section of the school code, later specified, on several grounds. In order to avoid needless repetition of multiple statutory citation, the sections of the school code to be discussed are found at CLS 1961, § 340.431 *et seq.* (Stat Ann 1968 Rev § 15.3431 *et seq.*) and will hereafter be designated only by their section numbers in the school code.

In approaching the question of alleged unconstitutionality, we bear in mind 3 rules quoted from other cases with approval by the Supreme Court in *Thoman* v. *City of Lansing* (1946), 315 Mich 566, 576, 579, 580, as follows:

"The presumption of constitutionality following taxing statutes is stronger than applies to laws generally and only where a taxing system clearly and palpably violates the fundamental law will it be held invalid."

"It cannot be too distinctly borne in mind that any possible system of tax legislation must inevitably produce unequal and unjust results in individual instances; and, if inequality in result must defeat the general law, then taxation becomes impossible, and the governments must fall back upon arbitrary exactions."

"Courts cannot annul tax laws because of their operating unequally and unjustly. If they could, they might defeat all taxation whatsoever; for there never yet was a tax law that was not more or less unequal and unjust in its practical workings."

Plaintiffs first say part of § 438 and all of § 444 are void for uncertainty, without specifying in what respect they are uncertain. At first reading of these sections, it appears no specification of the uncertainty is necessary; they appear to be uncertain and unclear. When studied with the preceding sections,

as hereinafter developed, the uncertainty disappears and clarity appears.

Next, plaintiffs contend assumption by one school district of the bonded indebtedness of another district was an object different from the other objects of the school code and was not expressed by the title of the act, contrary to Const 1908, art 5, § 21. We find this subject expressed in the language of the title of the act which reads: "An act to provide a system of public instruction and primary schools; to provide for the classification, organization, regulation and maintenance of schools and school districts; to prescribe their rights, powers, duties and privileges; to provide for registration of school districts, and to prescribe powers and duties with respect thereto; to provide for and prescribe the powers and duties of certain boards and officials; to prescribe penalties; and to repeal certain acts and parts of acts."

It is plaintiffs' position that § 438 offends Const 1908, art 3, § 4, because it permitted persons other than property-owning electors of former East China district to vote on the assumption of the bonded debt of other districts. We need not pass on the validity of this position because the limitation plaintiffs rely on is only applicable to elections to increase the constitutional tax limitation or to issue bonds, by Const 1963, art 2, § 6.

Finally plaintiffs contend they were denied equal protection of the law contrary to Const 1963, art 1, § 2. As far as this contention applies to the theory of "one man one vote", it is untenable. The vote of each elector of the combined district had equal weight. It is only by assuming that the 3 districts now comprising the combined district retain their individual character in this debt assumption election that plaintiffs' contention has any force. On the

facts here and under the provisions of §§ 438 and 444, that assumption cannot be made, as an examination of § 431 *et seq.* demonstrates.

Section 431 prescribes the method of annexation, and, when effected, it also specifies what becomes of the assets of the annexed district, its obligations and bonded indebtedness. The latter is assumed by the annexing district, *except as hereinafter provided.*

Section 432, to avoid impairment of the obligation of contract, provides that the annexed district with bonded debt shall retain its identity as an assessing unit until the debt is retired or refunded.

Section 433 provides an option in those cases where a district with debt is proposed to be annexed to one without debt. In this instance, the annexation resolution of the annexing board may provide that annexation shall not be effective unless the electors of the annexing district approve an increase in the tax limitation to service the debt assumed and approve the assumption of the debt. This is a protection against forcing taxpayers of the annexing district to pay more than the constitutional tax limit without their approval.

Section 434 provides that where the annexing district has outstanding bonded debt, that district retains its identity as an assessing unit until the debt is retired or refunded. It is no more than a reiteration of the language found in § 432 relating to an annexed district.

Section 435 covers the reverse of the situation covered by § 433, namely, a district with debt proposes to annex a district without debt. Again, it protects taxpayers in the annexed district from paying more than the constitutional tax limit without their approval.

Section 436 preserves the identity of an annexed district with debt and the annexing district with

debt as assessing units until the debts are retired or refunded.

Section 437 is similar to § 433 and applies to the situation where a district with debt is to be annexed to a district without debt.

Section 438 covers the situation where debt assumption is not voted on at the annexation election. Any time after 3 years from the effective date of the annexation, where one or more of the districts forming the combined district have outstanding bonded indebtedness, the combined district may assume the obligation and pay the same by a uniform tax over the entire territory of the combined district whenever the electors of that district approve debt assumption, which debt can be serviced within the constitutional tax limits.   This is the case before us.

Section 444 substantiates this interpretation by the phrase, "bonded debt which is not subject to the constitutional limitation on taxes", and by the phrase, "unlimited tax bonded debt", and by providing that in the case of unlimited tax bonded debt the electors of either or both districts shall approve the assumption of debt.

The reason for the distinction between bonded debt and unlimited tax bonded debt is that taxpayers of a district with bonded debt may be taxed up to the constitutional limit without their consent.   In the case of unlimited tax bonded debt, no question of equal protection of law arises on a debt assumption election unless the tax required to service the debt can only be raised by an increase in the constitutional tax limitation.   The debt assumed here can be serviced within the constitutional tax limitation, and the election attacked involved no question of equal protection of law.

Plaintiffs' allegation of a conspiracy is frivolous. Conspiracy is defined as "a combination of 2 or more

persons, by some concerted action, to accomplish criminal or unlawful purpose or a purpose not unlawful by criminal or unlawful means". *Fenestra v. Gulf American Land Corporation* (1966), 377 Mich 565. The record here establishes neither alternative of the definition. Likewise, plaintiffs' claim that the election of July 31, 1964 followed the election of June 8, 1964 by less than 6 months and is void under MCLA § 340.511 (Stat Ann 1968 Rev § 15.3511) is untenable. By its terms, the section relied on does not apply to debt assumption elections.

The order of the trial court granting dismissal with prejudice was on the basis that the claims of plaintiffs were controlled by the doctrine of *res judicata,* all claims of plaintiffs were barred by the failure to bring timely actions in the nature of *quo warranto,* and all claims of plaintiffs were barred by laches and estoppel. The foregoing analysis of the situation before us convinces this Court that a proper order should have been for summary judgment under GCR 1963, 117.2(1).

Such an order may enter in this Court with costs to defendant.

MILLER, J., concurred.

T. G. KAVANAGH, P. J., did not participate.